IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BRENT WATTS,

                    Petitioner,

          v.                              CASE NO. 06-3251-SAC

AMY THIEL, et al.,

                    Respondents.


O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  Respondents filed a motion to dismiss (Doc. 20), and petitioner filed a response (Doc. 24).  The court has examined the record and enters the following order.

**Background**

Petitioner was convicted in the District Court of Chase County, Kansas, of three counts of burglary, two counts of felony theft, attempted felony theft, and battery of a law enforcement officer in Case Nos. 98 CR 06 and 98 CR 39.[1]

He executed the petition for habeas corpus on August 18, 2006, and the matter was received by the clerk of the court on September 6, 2007.

_____

[1]  See State v. Watts, 8 P.3d 69 (Table)(Kan. App. 2000)(direct appeal) and Watts v. State, 122 P.3d 420 (Table) 2005 WL 3030337(Kan. App.)(appeal from postconviction action brought under K.S.A. 60-1507).

## Discussion

Respondents contend this matter must be dismissed because petitioner was not "in custody" at the time he commenced this action.  They provide evidence that petitioner's sentence expired on December 30, 2005.  (Doc. 20, Attach. 1.)

Petitioner does not contest this, but he argues, in part, that his penalty in a later case, 06 CR 2549, was enhanced due to his previous convictions.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)).  An applicant for habeas corpus relief is not "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." Id. at 492.

The undisputed record shows the petitioner was no longer in custody on the convictions he challenges at the time he executed the petition.  Accordingly, this court lacks jurisdiction to consider his claims.  See Maleng, 490 U.S. at 492, and Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his [prior state] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 20) is granted.

IT IS FURTHER ORDERED petitioner's motions to quash (Doc. 25), motion for leave of court to amend the petition (Doc. 26), and motion for leave of court to file a motion for injunctive relief (Doc. 27) are denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 18th day of May, 2007, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge